# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 13-0967V
### Filed: March 26, 2015
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| BENJAMIN FOLLEN, | * |
| | * |
| Petitioner, | *     Dismissal Decision; Flu; Brachial Plexitis |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

*Howard Scott Gold, Esq.,* Gold Law Firm, LLC, Wellesley Hills, MA for petitioner.
*Claudia Gangi, Esq.,* U.S. Dep't. of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

On December 9, 2013, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that he suffered from brachial plexitis as a result of the influenza vaccine.  The information in the record, however, does not show entitlement to an award under the Program.  On March 26, 2015, petitioner moved for a decision dismissing this petition.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table, or 2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/sThomas L. Gowen**
Thomas L. Gowen
Special Master